IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL B. OWEN,** **#R55057,** | |
| Plaintiff, | Case No. 22-cv-00067-SPM |
| v. | |
| **HEALTH CARE UNIT,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Michael Owen, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Big Muddy Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### COMPLAINT

Owen alleges the following: While housed at Stateville Northern Reception Center, he was prescribed the medication Lexapro on July 9, 2021. (Doc. 1). Later that month, Owen was transferred to Big Muddy River Correctional Center on July 26, 2021. On September 2, 2021, he had a tele-psych appointment with Dr. Lifchitz. Owen explained that the Lexapro was not "doing any good." Dr. Lifchitz increased the dosage.

Owen had seizures on September 8 and 21, 2021. During his seizure on September 8, Owen fell out of the top bunk bed. Owen had another appointment with Dr. Lifchitz on October 7, 2021.

During the appointment, Owen demanded that his "pills get changed." Dr. Lifchitz "was against it because he didn't believe Lexapro could cause seizures." Owen told Dr. Lifchitz that if he did not change the medication then Owen would stop taking the medicine. Dr. Lifchitz discontinued the Lexapro prescription and prescribed Cymbalta.

Own had another appointment with Dr. Lifchitz in November 2021, and Dr. Lifchitz did not change the Cymbalta prescription because Own "was getting the wronge [sic] doze of it and because of what happened with the Lexapro."

On December 16, 2021, Owen had an appointment with a neurosurgeon. The surgeon confirmed that Owen suffered from seizures and that he was at high risk of having more, even if Owen was not on medication. The surgeon ordered additional testing.

## DISCUSSION

Owen has not named a suable entity for his Section 1983 claims, and therefore, he has failed to state a claim for relief. FED. R. CIV. P. 8(a). The only named defendant is Big Muddy River Health Care Unit, which is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases). Accordingly, the Complaint is dismissed without prejudice. However, Owen will be given an opportunity to replead his claims in an amended complaint.

## DISPOSITION

For the reasons stated, the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Owen is **GRANTED** leave to file a "First Amended Complaint" on or before **June 21, 2022.** It is strongly recommended that Owen use the civil rights complaint form designed for use

in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 22-cv-00067-SPM). Further, Owen should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how...."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To enable him to comply with this Order, the **CLERK** is **DIRECTED** to mail Owen a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

If Owen fails to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).

Owen is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he files a First Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Owen is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 24, 2022**

*s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**