IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL B. OWEN,
#R55057,

        Plaintiff,

v.

HEALTH CARE UNIT,

        Defendant.

Case No. 22-cv-00067-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    Plaintiff Michael Own filed this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred at Big Muddy Correctional Center. The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice. (Doc. 7). The Court granted Owen an opportunity to replead his claims in an amended complaint. He was directed to file a First Amended Complaint on or before June 21, 2022. Additionally, Owen was warned that the action would be dismissed with prejudice and that the dismissal would count as a "strike" under 28 U.S.C. § 1915(g) if he failed to file an amended complaint by the deadline. (*Id*.).

    On June 14, 2022, the Order dismissing the Complaint was returned to the Court as undeliverable and marked "no inmate name/number, name/number do not correspond." (Doc. 8). Previously, Owen had been advised that he was to notify the Court within seven days of a change in his address and that failure to do so would result in dismissal of his case. (Doc. 4, 7). He has failed to do so.

    The Court will not allow this matter to linger indefinitely. Owen has not filed anything in this case since January 24, 2022, he has not updated his address, and he has missed the deadline for filing an amended complaint. Accordingly, this action is **DISMISSED with prejudice** for failure to comply

with orders of the Court (Doc. 4, 7) and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Owen's three allotted "strikes" within the meaning of Section 1915(g).

Owen is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Owen wishes to appeal this order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Owen must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Owen may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 29, 2022**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**